UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:

|  |  |
|---|---|
| VANESSA VALENTINO | ) |
| Plaintiff | ) |
| v. | ) |
| BROWN SHOE COMPANY, INC. d/b/a FAMOUS FOOTWEAR | ) |
| Defendant | ) |

## COMPLAINT AND JURY CLAIM

NOW COMES Vanessa Valentino, the plaintiff in the above-entitled action, and hereby states as follows:

## STATEMENT OF SUBJECT MATTER JURISDICTION

1. This is a civil rights action based on unlawful discrimination on the basis of gender, pregnancy, and pregnancy related medical conditions by an employer against its employee, and for the employer's failure to provide a mandatory, job protected maternity and medical leave.

2. The unlawful discrimination by the defendant employer against the plaintiff and its failure to provide a mandatory job protected medical leave violated the Civil Rights Act, 42 U.S.C. 2000e, et seq., as amended by the Pregnancy Discrimination Act of 1978, M.G.L. Chapter 151B, §1, et seq. and the Family and Medical Leave Act, 29 U.S.C. 2601, et seq.

3. The unlawful practices were committed in the Federal District of Massachusetts, this Court's judicial district.

4.      This Court has jurisdiction of this matter pursuant to the provisions of 42 U.S.C. 2000e-5(f)(3), 42 U.S.C. 12117 and 28 U.S.C. 1331.

5.      Plaintiff has asserted claims and requests for relief pursuant to Massachusetts law that arise from the same facts and circumstances as Plaintiff's claims and requests for relief pursuant to Federal law.

6.      The Court has Supplemental Jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. 1367.

## PARTIES

7.      The plaintiff in this action is Vanessa Valentino, (hereinafter referred to as "Plaintiff", "the plaintiff" or "Ms. Valentino"), an individual now residing in Medford, Massachusetts.

8.      The defendant is Brown Shoe Company, Inc. d/b/a Famous Footwear, (hereinafter referred to as "Defendant", "the defendant" or "Famous Footwear"), a chain of retail stores organized under the laws of the State of New York and registered to do business within the Commonwealth of Massachusetts, and is an employer as defined by 42 U.S.C. 2000e, 42 U.S.C. 12101, et seq. and Massachusetts General Laws Chapter 151B, Section 1.

9.      The defendant has a principal office located at 8300 Maryland Avenue, St. Louis, Missouri, has a usual place of business at 3850 Mystic Valley Parkway, Medford, Massachusetts.

10.     The defendant's registered local agent is Corporation Service Company, 84 State Street, Boston, MA 02109.

11.     Famous Footwear is a national chain of retail stores selling shoes.

12.     At all times relevant to this Complaint, Famous Footwear had more than twenty employees and had more than 50 employees within a 75 mile radius of the plaintiff's work site.

13. At all times relevant to this Complaint, Ms. Valentino was an employee of Famous Footwear.

## FACTS COMMON TO ALL COUNTS

14. Ms. Valentino became pregnant during her employment with Famous Footwear, and was thus a member of the protected classes of the Civil Rights Act, 42 U.S.C. 2000e, et seq., as amended by the Pregnancy Discrimination Act of 1978, and of Massachusetts General Laws Chapter 151B Section 1, et seq.

15. As a woman, Ms. Valentino is also a member of the protected classes of the Civil Rights Act, 42 U.S.C. 2000e, et seq., and of Massachusetts General Laws Chapter 151B Section 1, et seq. by reason of her gender.

16. In or about December of 2007, Famous Footwear promoted Ms. Valentino from the position of Sales Associate to the position of Assistant Manager.

17. At all times relevant to this Complaint, Ms. Valentino was qualified for the position of Assistant Manager, having received positive performance reviews, promotion(s), and pay raise(s).

18. Famous Footwear has and had an obligation and duty to provide Ms. Valentino with a work place free from discrimination on the basis of gender, pregnancy, and pregnancy related medical conditions.

19. At all times relevant to this Complaint, Famous Footwear had policies providing job protected medical and other personal leave of absences to its employees.

20. Due to illness and injury in the fall of 2008, Ms. Valentino sustained injury and illness, which combined with her pregnancy to render her temporarily disabled due to pregnancy related complications.

21. In addition to the pregnancy related medical conditions in the fall of 2008, Ms. Valentino delivered her child in January 2009 by Cesarean Section.

22. When Ms. Valentino was rendered temporarily disabled as a result of illness and injury in the fall of 2008, Famous Footwear demoted her from her Assistant Manager position to a sales clerk's position.

23. Famous Footwear's refusal to afford Ms. Valentino a job protected leave of absence to attend to her serious health condition and pregnancy related medical complications and its resulting demotion of Ms. Valentino was accompanied by a corresponding pay cut.

24. Famous Footwear's demotion of Ms. Valentino in the fall of 2008 was because of, caused by, and a direct result of Ms. Valentino's pregnancy and pregnancy related medical conditions and resulting temporary disability.

25. Ms. Valentino returned to work as a sales clerk, her position after Famous Footwear's demotion of her, in November, 2008 after recuperating from illness and injury she sustained in the fall of 2008.

26. Ms. Valentino was scheduled to have her Cesarean Section delivery in late January, 2009.

27. In January, 2009, Ms. Valentino submitted her written application for a maternity/medical leave from that time until her anticipated return of March 29, 2009.

28. Ms. Valentino gave birth to her child on January 29, 2009.

29. As a result of her Cesarean Section delivery, Ms. Valentino suffered impairments to several major life activities, including her ability to walk, and, temporarily, to work.

30. As a result of her complicated delivery, pregnancy related medical conditions, and physical impairments, and in accordance with Ms. Valentino' physician(s) and medical

provider's instructions, she required a job protected maternity and medical leave until March 29, 2009.

31. During Ms. Valentino' maternity and medical leave, Famous Footwear replaced Ms. Valentino in her position with a new employee.

32. Ms. Valentino intended to return to work on March 29, 2009 as planned and as she had reported to her employer.

33. As her return from maternity/medical leave approached, Ms. Valentino received a letter on March 18, 2009 from Famous Footwear informing her that her employment had been terminated.

34. Despite that Ms. Valentino contacted Famous Footwear and requested reinstatement, Famous Footwear refused to return Ms. Valentino to the same or equivalent position.

35. In replacing and terminating Ms. Valentino during and/or upon her return from maternity/medical leave, Famous Footwear treated Ms. Valentino different from its other, non-protected class employees, who were afforded medical, personal and other job protected leaves.

36. Famous Footwear refused to abide by its obligations to provide Ms. Valentino with job protected maternity, disability and personal leave.

37. Famous Footwear's termination of Ms. Valentino' employment was because of and on the basis of her gender, pregnancy, pregnancy related medical conditions, disability, perceived disability, and in retaliation for asserting her rights under state and federal anti-discrimination laws.

38. The reason(s) that Famous Footwear provides for its demotion, termination and other adverse employment action against Ms. Valentino are false and are a pretext for discrimination

on the basis of gender, pregnancy, pregnancy related medical conditions, disability, and perceived disability.

39. Famous Footwear replaced Ms. Valentino with an employee not in her protected classes.

40. On January 8, 2010, Ms. Valentino filed a Complaint and Charge of Discrimination against Famous Footwear with the Massachusetts Commission Against Discrimination, which was duly cross-filed with the Equal Employment Opportunities Commission.

41. In the Complaint filed with the Massachusetts Commission Against Discrimination and cross-filed with the Equal Employment Opportunities Commission, Ms. Valentino alleged that Famous Footwear terminated her employment and otherwise subjected her to discrimination on the basis of her gender, pregnancy, pregnancy related medical conditions, disability, and because her employer regarded her as disabled.

42. Pursuant to its work-sharing agreement with the Equal Employment Opportunities Commission, the Massachusetts Commission Against Discrimination investigated Plaintiff's Complaint of discrimination against Famous Footwear and provided Famous Footwear an opportunity to conciliate the matter.

43. On July 14, 2010, the Equal Employment Opportunities Commission issued Plaintiff a Notice of Right to Sue authorizing her to file the instant civil action.

**COUNT I – GENDER AND PREGNANCY DISCRIMINATION IN VIOLATION OF 42 U.S.C. 2000e, et seq., THE CIVIL RIGHTS ACT AS AMENDED BY THE PREGNANCY DISCRIMINATION ACT OF 1978, AND M.G.L. CHAPTER 151B**

44. Plaintiff restates, realleges and incorporates by reference herein allegations one through forty-three of this Complaint.

45. Famous Footwear's conduct, as alleged in allegations one through forty-three of Plaintiff's Complaint, constitutes unlawful gender and pregnancy discrimination and retaliation,

in violation of the Civil Rights Act, 42 U.S.C. 2000e, et seq., as amended by the Pregnancy Discrimination Act of 1978 and M.G.L. Chapter 151B.

46.     As a direct and proximate result of Famous Footwear's unlawful discrimination, in violation of the Civil Rights Act, 42 U.S.C. 2000e, et seq., as amended by the Pregnancy Discrimination Act of 1978 and M.G.L. Chapter 151B, Plaintiff, Ms. Valentino, has incurred and continues to incur substantial loss of salary, earnings and wages, earning capacity and fringe benefits, and has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as she will show at trial.

47.     Plaintiff complied with the requirement(s) of 42 U.S.C. 2000e-5(e)(1) when she properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination, said Complaint which was cross-filed with the Equal Employment Opportunities Commission, said complaint alleging that Famous Footwear terminated her employment because and on account of her gender and pregnancy and pregnancy related medical conditions and otherwise subjected her to unlawful discrimination.

48.     Plaintiff has duly, properly and in a timely manner notified the Equal Employment Opportunities Commission of her intention to file this Complaint and to seek relief in this Court.

49.     The Equal Employment Opportunities Commission has issued Plaintiff a Notice of her Right to Sue that authorizes Plaintiff to bring this private civil action against Famous Footwear.

        WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Famous Footwear and:

a.      Declare that Famous Footwear's conduct violated the Civil Rights Act, 42 U.S.C. 2000e, et seq., as amended by the Pregnancy Discrimination Act of 1978;

b.    Issue a mandatory injunction compelling Famous Footwear to provide training to its employees, officers and agents, designed to eliminate, prevent and reduce discrimination;

c.    Award Plaintiff compensatory damages to be determined by the jury at trial;

d.    Award Plaintiff punitive damages to be determined by the jury at trial;

e.    Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action;

f.    Issue such other relief as the Court deems just and proper.

## **COUNT II – VIOLATION OF FAMILY AND MEDICAL LEAVE ACT**

50.    Plaintiff restates, realleges and incorporates by reference herein allegations one through forty-nine of this Complaint.

51.    Famous Footwear is an employer as defined by 29 U.S.C. 2601, et seq..

52.    At all times relevant to this Complaint, the plaintiff was pregnant and/or had a serious health condition as defined by 29 U.S.C. 2601, et seq., and/or the regulations promulgated thereunder.

53.    Both in the fall of 2008 and in its termination of the plaintiff's employment in March, 2009, Famous Footwear failed and refused to provide the plaintiff with a required, job protected maternity and medical leave to attend to her serious health condition.

54.    Famous Footwear's conduct, as alleged in allegations one through forty-nine of this Complaint, constitutes a material violation of the Family and Medical Leave Act, 29 U.S.C. 2601, et seq.

55.    As a direct and proximate result of Famous Footwear material violation of the Family and Medical Leave Act, 29 U.S.C. 2601, et seq., Plaintiff Vanessa Valentino has incurred and continues to incur substantial loss of wages, earning capacity and fringe benefits, has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other

damages as she will show at trial.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against the defendant and:

a. Declare that Famous Footwear violated the Family and Medical Leave Act, 29 U.S.C. 2601, et seq.;

b. Award Plaintiff compensatory damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorneys' fees, statutory interest, and costs of this action; and

e. Issue such other relief as the Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted,
For the plaintiff,


/s/     Sol J. Cohen
Sol J. Cohen
BBO # 630776
COHEN & SALES, LLC
221 Crescent Street, Suite 206
Waltham, MA  02453
(617) 621-1151